# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PETER S. CHOW,

        Plaintiff,

        v.

UNITED STATES, et al.,

        Defendant.

Case No. 3:22-cv-00258-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS**

Plaintiff's Amended Complaint, like his initial complaint, remains difficult to parse and in violation of Rule 8 of Federal Rules of Civil Procedure. As currently pled Plaintiff continues to sue impermissible parties and fails to allege a cognizable claim upon which relief may be granted. Therefore, the Court recommends Plaintiff's Complaint be **DISMISSED with prejudice**. The Court recommends dismissal with prejudice because Plaintiff's Amended Complaint shows no indication that he carefully reviewed the Court's last screening Order. The Court finds that giving Plaintiff another opportunity to file an amended complaint would be futile because the Court has no confidence that any further amendment would produce a different result.[1]

**I.    Procedural History**

On November 22, 2022, Peter S. Chow, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint against the "United States; And Does 1 to 10, Inclusive," alleging a violation of the Civil Rights Act, 42 U.S.C. § 1983; a Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985; and the Federal Tort

---

[1] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Claims Act, which he has broadly titled "Fraud on the Courts Causing Damages" (hereinafter "Complaint").[2] Plaintiff's narrative included allegations against a federal court, the Department of Justice, the United States Attorney General, the United States Attorney for the District of Alaska, Plaintiff's former criminal defense attorney, Plaintiff's former bankruptcy attorney, and two judges for myriad violations, including his Sixth Amendment speedy trial rights, wrongful conviction, wrongful confinement, conspiracy to defraud, as well as fraud upon the court.[3] Plaintiff also filed three exhibits with his Complaint:[4] Exhibit A, a discharge summary from Alaska Psychiatric Hospital; Exhibit B, a partial docket from a federal bankruptcy case; and Exhibit C, a sealed document from the Alaska Department of Natural Resources Recorder's Office UCC Online Filing system referencing a satisfactory judgment involving Plaintiff and Defendant Green's Law Office. Additionally, Plaintiff filed a Civil Cover Sheet, an Application to Waive Prepayment of the Filing Fee, a Certification and Notice of Interested Parties, and a Notice of Violation of Summon Issuance.[5]

The Court screened Plaintiff's Complaint and dismissed it, with leave to amend, for failure to state a claim.[6] The Court found Plaintiff's claim difficult to decipher. Nonetheless, the Court provided extensive guidance in its 27-page Order to help Plaintiff understand what elements he must meet to properly plead his claims. The Court filed its Screening Order dismissing the Complaint without prejudice on Plaintiff on April 5, 2023.

Plaintiff filed an Amended Complaint on May 12, 2023, changing the title on his cover page to "Complaint for Void Orders and Judgments from Fraud on the Court and/or Constitutional Subject Matter Jurisdiction Violations," and citing Federal

---

[2] Doc. 1 at 1.
[3] *Id.* at 2-6.
[4] Exhibits A-C, Docs. 1-1 through 1-3.
[5] Docs. 1-5.
[6] Doc. 8.

Rule of Civil Procedure 60, Federal Rule of Bankruptcy Procedure 9024, and 28 U.S.C. § 2679(b)(2)(A), while retaining the underlying facts and Defendants from his original Complaint.[7] Plaintiff filed five Exhibits with his Amended Complaint. Two exhibits were original filings: Exhibit A, a denial of claims letter from the Administrative Office of the United States Courts dated August 25, 2022; and Exhibit B, an Order of Dismissal of Case from the Superior Court for the State of Alaska, *State of Alaska v. Peter S. Chow*, 3ANS-93-4576CR. Three exhibits in Plaintiff's Amended Complaint had previously been filed in his original Complaint: Exhibit C, a discharge summary from Alaska Psychiatric Hospital; Exhibit D, a partial docket from a federal bankruptcy case; and Exhibit E, a sealed document from the Alaska Department of Natural Resources Recorder's Office UCC Online Filing system referencing a satisfactory judgment involving Plaintiff and Defendant Green's Law Office.[8]

On July 17, 2023, Plaintiff filed a Motion for Relief from Void Orders and Judgments.[9]

The Court finds that Plaintiff again fails to state a claim upon which relief may be granted and continues to sue impermissible parties, despite changing his suit from a § 1983 case to a "Complaint for Void Orders and Judgments from Fraud on the Court and/or Constitutional Subject Matter Jurisdiction Violations." Therefore, the Court recommends Plaintiff's Amended Complaint be **DISMISSED with prejudice**.

## DISCUSSION

**II. Complaint**

In his Amended Complaint, Plaintiff appears to limit his cause of action to an "Intentional Tort Cause of Action Against All Defendants[,]" alleging Defendants in

---

[7] Doc. 9. While Plaintiff removed the names of certain individuals, they appear to be the same actors he previously named in his first complaint.
[8] Doc. 9-1 through 9-5
[9] Doc. 10.

their official capacities committed "fraud on the court...and/or subject matter jurisdiction violations."[10] Plaintiff claims that he is entitled to relief under Federal Rule of Civil Procedure 60, Federal Rule of Bankruptcy Procedure 9024, and 28 U.S.C. § 2679(b)(2)(A). Plaintiff broadly claims that Defendants conspiratorially violated their legal duty to abide by the law by committing "fraud on the court."[11] Plaintiff further states that all Defendants acted with "the desire to bring about harmful consequences and is substantially certain that such consequences will follow, have caused and will continue to cause enormous damages both economic and non-economic to Plaintiff and family."[12]

As with his original Complaint, Plaintiff appears to take issue with his arrest in 1993, and states he was wrongly charged with crimes that were later dismissed. Plaintiff alleges a speedy trial violation in that criminal case, and claims that after the charges were dismissed, he was confined for issues related to competency.[13] Plaintiff alleges a conspiracy between his defense attorney and the superior court judge led to his confinement and to a conservatorship that, to the best of the Court's interpretation, Plaintiff claims resulted in his bankruptcy.[14]

Plaintiff also appears to specifically fault his defense attorney and the courts for permitting his defense attorney to seek a default judgment against Plaintiff, presumably for the costs of his representation, which Plaintiff claims was previously paid up front at a set fee.[15] Additionally, Plaintiff faults his bankruptcy attorney for later conspiring with these other defendants, after initially filing a "Complaint to Void Judgment and Judgment Lien, and Recover Funds for Plaintiff.[16] Ultimately, Plaintiff faults Defendants for conspiratorially allowing his home and car to go into

---

[10] Doc. 9 at 9.
[11] *Id.* at 10.
[12] *Id.* at 10-11.
[13] *Id.* at 3.
[14] *Id.* at 4.
[15] *Id.* at 6.
[16] *Id.* at 7.

foreclosure and be repossessed, in violation of the homestead "exemption law."[17]

Plaintiff demands a trial by jury.[18] For relief, Plaintiff requests punitive, compensatory, and general damages against all Defendants. Plaintiff also requests "other relief which may be authorized under other causes of action" and for the Court to award other relief as the Court deems appropriate.[19]

### III. Analysis

Plaintiff's Amended Complaint fails first and foremost because he does not meet the pleading requirements of Federal Rule of Civil Procedure 8. Additionally, while Plaintiff's Amended Complaint raises claims under Federal Rule of Civil Procedure 60, Federal Rule of Bankruptcy Procedure 9024, and 28 U.S.C. § 2679(b)(2)(A), the facts and parties appear to remain the same as those in his previously dismissed original Complaint, and do not meet the pleading requirements. Despite Plaintiff's failure to meet Rule 8 pleading requirements, the Court evaluates each of Plaintiff's claims as it understands them in turn for clarity.

#### a. Federal Rule of Civil Procedure 8

As previously stated in the Court's Screening Order, Federal Rule of Civil Procedure 8 requires that a pleading which states a claim for relief must contain a "short and plain statement of the claim."[20] "Each allegation must be simple, concise, and direct."[21] Violation of Rule 8 is a basis for dismissal.[22]

"While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or

---

[17] *Id.* at 8.
[18] *Id.* at 12.
[19] *Id.* at 11-12.
[20] Fed. R. Civ. P. 8(a)(2).
[21] *Id.* at (d)(1).
[22] *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Screening Order – Amended Complaint  5
*Chow v. United States, et al.*
3:22-cv-00258-SLG-KFR
Case 3:22-cv-00258-SLG-KFR   Document 11   Filed 08/29/23   Page 5 of 17

consisted of incomprehensible rambling.'"[23] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[24]

In dismissing Plaintiff's initial Complaint, the Court directed Plaintiff, on amendment, to confine himself to "simple, concise, and direct" allegations and state each of his legal claims separately.[25] Although Plaintiff attempts to raise vague factual allegations against different defendants, his Amended Complaint still suffers from the same deficiencies. The allegations are non-linear and rambling, include irrelevant narrative, and are conclusory. Rather than identifying each claim separately and stating the underlying facts that support each claim, Plaintiff simply lists statutes and then proceeds with 13 pages of rambling, disorganized, and conclusory allegations.[26]

Plaintiff only lists one definitive cause of action: an intentional tort against all Defendants, which the Court previously screened out. The remainder of his Amended Complaint contains many conclusory allegations. It should not require a herculean effort for Defendants and the court to determine "who is being sued for what."[27] "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."[28] Accordingly, the Court recommends Plaintiff's Complaint be dismissed for failure to comply with Rule 8.[29]

---

[23] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)).
[24] *McHenry*, 84 F.3d at 1179.
[25] Doc. 8.
[26] *See Pettit v. State of New Mexico*, 375 F. Supp. 2d 1140, 1150 (D.N.M. 2004) (listing dozens of statutes is insufficient to state a claim).
[27] *Id.*
[28] *Bautista v. Los Angeles*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted).
[29] *Benton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 219CV06424JFWSP, 2021 WL 6752214, at *4–5 (C.D. Cal. Sept. 23, 2021), report and recommendation adopted, No. 219CV06424JFWSP, 2021 WL 6751910 (C.D. Cal. Dec. 6, 2021)

Plaintiff's failure under Rule 8 to articulate a basis for his claims is made clear by his inability to properly name defendants. As the Court previously stated in its original Screening Order, it remains unclear to the Court who Plaintiff is attempting to sue. Plaintiff lists "United States; And Does 1 to 10, Inclusive" as Defendants on the cover page of his Complaint.[30] The remainder of his Complaint, however, does not mention any "Does." Instead, under the "Parties" section, Plaintiff lists Defendant United States, as well as two agencies Plaintiff maintains defend the United States: the United States Attorney General and the United States Attorney for the District of Alaska. Adding further confusion, in the body of his Amended Complaint, Plaintiff appears to allege wrongdoing by officers of the court, specifically unnamed defense and bankruptcy attorneys, unnamed state and federal judges, as well as the Anchorage Superior Court, Anchorage District Court, and the United States Bankruptcy Court located in Anchorage.

As with his original complaint, Plaintiff's Amended Complaint presents numerous issues relating to who he alleges are the defendants in this action. First, the Court is unable to clearly deduce what Plaintiff means by "Does 1 to 10, Inclusive" since Plaintiff's Amended Complaint is devoid of any further reference to any John Does. As the Court explained in its original screening order, Rule 8 requires some type of identification of who [Plaintiff] is alleging caused that specific harm to him.[31] Plaintiff's Amended Complaint is devoid of any information that would allow the Court or any potential defendants in the case to identify any of the 10 John Does.[32]

The Court also previously told Plaintiff who was and was not a proper

---

[30] Doc. 1.
[31] Doc. 8 at 15-16.
[32] *Dempsey v. Schwarzenegger*, No. 09-cv-2921, 2010 U.S. Dist. LEXIS 144416 at *6, 2010 WL 1445460 at *2 (N.D. Cal. Apr. 9, 2010) ("A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation.")

Screening Order – Amended Complaint 7
*Chow v. United States, et al.*
3:22-cv-00258-SLG-KFR
Case 3:22-cv-00258-SLG-KFR   Document 11   Filed 08/29/23   Page 7 of 17

Defendant. In its original screening order, the Court explained that none of the federal agencies, courts or individuals Plaintiff identifies in the body of his Amended Complaint were "persons" subject to suit under § 1983, and were therefore not permissible parties in this action.[33] Specifically, the Court explained that the United States has sovereign immunity under the facts presented by Plaintiff.[34] An agency of the United States government (such as the Department of Justice), or a government employee pursuant to *Bivens* (such as the United States Attorney General or the United States Attorney for the District of Alaska) also has sovereign immunity, and the statute of limitations for such claims appears to have run based on the facts presented;[35] Further, the Department of Justice is not considered a person within the meaning of § 1983 or § 1985, and therefore is ineligible for suite, as is the United States Bankruptcy Court, either as an entity or a building.[36] Defendant Attorneys

---

[33] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added); *Singleton v. Alvin S. Glenn Detention Center*, 2009 WL 1361879, at *1 (D.S.C., 2009); *see, e.g.*, *Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C., 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983); *see also Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (recognizing that a building is not subject to liability); *Edwards v. Southern Desert Correctional Center*, 2021 WL 8822461, at *2 (D. Nev., 2021); *Moses v. Nesbett Courthouse*, No. 3:21-CV-00226-JMK, 2022 WL 1810304, at *4 (D. Alaska June 2, 2022), appeal dismissed sub nom. *Moses v. Nesbett Ct. House*, No. 22-35481, 2022 WL 4352711 (9th Cir. July 14, 2022);

[34] Doc. 8 at 8-9. The United States was not "a person" which could be sued under civil rights conspiracy statute. *See Proffitt v. United States*, 758 F.Supp. 342 (E.D. Va. 1990); *see also Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963 (E.D. Pa. 1977).

[35] Doc. 8 at 8-9; *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (stating that the statute of limitations for a Bivens claim is the same as the statute of limitations for a § 1983 claim). Further, even if the Court permitted "direct" constitutional claims in this case, Plaintiff's claims still would be subject to a two-year statute of limitations. *See Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) (finding that a plaintiff's constitutional claims were barred by the limitations period applicable to § 1983 actions and holding that even if the court allowed the plaintiff to pursue a "direct" constitutional claim, the claim would also be subject to the statute of limitations applicable to § 1983 actions); *see also Emrit v. Arizona Supreme Court*, 2016 WL 910151, at *3 (D. Ariz., 2016).

[36] *Moses*, No. 3:21-CV-00226-JMK, 2022 WL 1810304, at *4 (D. Alaska June 2, 2022), appeal dismissed sub nom. *Moses*, No. 22-35481, 2022 WL 4352711 (9th Cir. July 14, 2022).

Yerbich and Green similarly are not considered state actors for purposes of §1983 suits, and the Court declined to address whether they would be eligible for suit under § 1985 because Plaintiff did not meet the pleading requirements for a § 1985 claim. Finally, Defendant Judges Milton and MacDonald were immune from suit because they were judicial officers acting in their official capacities.[37] Yet, Plaintiff again names, or alludes to, many of these defendants in his Amended Complaint in spite of the Court's previous guidance on the issue.

### b. Federal Rule Civil Procedure 60

Federal Rule of Civil Procedure 60 pertains to relief from a judgment or order. Plaintiff does not specifically indicate which section of Rule 60 he seeks relief under, but the Court interprets his pleadings as potentially falling under Rule 60(b)(3), Rule 60(b)(4) and/or Rule 60(d)(3). The Court explains each in turn and the reason why Plaintiff's Amended Complaint fails to meet the requirements for a properly pled complaint under this rule.

### i. Federal Rule Civil Procedure 60(b)

Under Rule 60(b)(3), a court may relieve a party from a final judgment, order or proceeding based on fraud, misrepresentation, or misconduct by an opposing party. Under Rule 60(b)(4), a court may relieve a party from a final judgment, order or proceeding based on a void judgment. All motions under Rule 60(b) must be brought within a reasonable time.[38] "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[39]

If the Rule 60 motion is based on fraud, misrepresentation, or misconduct by an opposing party, as Plaintiff's appears to be, it must be raised no more than a year

---

[37] Doc. 8 at 15.
[38] Fed. Rule. Civ. Pro. 60(c)(1).
[39] *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Screening Order – Amended Complaint
*Chow v. United States, et al.*
3:22-cv-00258-SLG-KFR
9
Case 3:22-cv-00258-SLG-KFR   Document 11   Filed 08/29/23   Page 9 of 17

after the entry of the judgment or order or the date of the proceeding.[40] To the best of the Court's ability to discern the facts Plaintiff alleges, all of the court cases, both state criminal and federal bankruptcy, appear to have concluded by the mid 1990's. Therefore, while Plaintiff does not clearly articulate which cases he seeks relief from under Rule 60, Plaintiff raising issue with any of those judgments, nearly two decades later, clearly exceeds the one year requirement under Rule 60(b)(3).[41]

To the extent that Plaintiff raises his motion under Rule 60(b)(4), Plaintiff's motion is not filed within a "reasonable amount of time," considering the lack of facts he has offered to justify the two-decade delay, the practical ability he had to learn earlier of the grounds relied upon, prejudice to other parties, and taking into consideration the interest in finality.[42] Therefore, Plaintiff does not meet the pleading requirements or timing requirements for motions under Rule 60(b)(3) or (4).

### ii. Federal Rule Civil Procedure 60(d)

Motions raised under Federal Rule of Civil Procedure 60(d)(3) fall under the Courts "Other Powers to Grant Relief." This Rule does not limit the Court's power to set aside a judgment for fraud on the court and "[t]here is no statute of limitations for fraud on the court."[43] Though not specifically raised in Plaintiff's Amended Complaint, to the extent he raises his claims under Rule 60(d)(3), fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision.

A court's power to grant relief from judgment for fraud on the court stems from "a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the

---

[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640 n. 10 (N.D.Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981); *In re Roussos*, 541 B.R. 721, 733 (Bkrtcy.C.D.Cal. 2015).

term of their entry."[44] However, the Supreme Court has noted that "[o]ut of deference to the deep-rooted policy in favor of the repose of judgments ..., courts of equity have been cautious in exercising [this] power."[45] Thus, relief from judgment for fraud on the court is "available only to prevent a grave miscarriage of justice."[46]

"[N]ot all fraud is fraud on the court."[47] "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'"[48] Fraud on the court must be an "intentional, material misrepresentation."[49] Thus, fraud on the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[50]

In addition, the relevant misrepresentations must go "to the central issue in the case,"[51] and must "affect the outcome of the case."[52] In other words, the newly discovered misrepresentations must "significantly change the picture already drawn by previously available evidence."[53] In that vein, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court'" unless it is "so fundamental that it undermined the workings of the adversary process itself."[54] However, perjury may constitute fraud on the court if it "involves, or is suborned by, an officer of the

---

[44] *Hazel-Atlas Glass Co. v. Hartford-Empire*, 322 U.S. 238, 244 (1944) (citing *Marine Ins. Co. v. Hodgson*, 11 U.S. (7 Cranch) 332, 3 L.Ed. 362 (1813); *Marshall v. Holmes*, 141 U.S. 589 (1891)).
[45] *Id.* (citing *United States v. Throckmorton*, 98 U.S. 61 (1878)).
[46] *United States v. Beggerly*, 524 U.S. 38, 47 (1998).
[47] *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999).
[48] *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (internal alterations omitted) (quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)).
[49] *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1097 (9th Cir. 2007), abrogated on other grounds by *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).
[50] *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995) (quoting *Abatti v. Commissioner*, 859 F.2d 115, 118 (9th Cir. 1988)).
[51] *Estate of Stonehill*, 660 F.3d at 452,
[52] *Id.* at 448.
[53] *Id.* at 435.
[54] *Id.* at 444–45 (quoting *In re Levander*, 180 F.3d at 1119).

court."[55] Finally, relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment.[56]

Plaintiff alleges a widespread conspiracy by Defendants, including three courts, to commit fraud on the court. Plaintiff claims that all the fraud was intentional, committed by an officer of the court, directed at the court itself, and that such fraud deceived the court.[57] Plaintiff does not, however, articulate what the specific fraud was. Instead, Plaintiff offers conclusory statements, such as the fact that he was "wrongfully charged" on June 17, 1993, in case no. 3AN-93-04576CR, wrongfully confined for the purposes of competency evaluation, suffered from a speedy trial violation, and that his attorneys conspired with courts, judges, and officers to confine him, take his money, home, and car, all resulting in his bankruptcy.

Plaintiff appears to take issue with the conservatorship, which presumably resulted from his confinement relating to competency, and cites another conspiracy relating to this, though the exact details of such claim remain unclear to the Court. Plaintiff also appears to fault his defense attorney for filing for that conservatorship "six months after" Plaintiff's confinement, as opposed to perhaps while Plaintiff was confined and unable to manage his properties and finance.[58]

To the best of the Court's ability to decipher Plaintiff's Complaint, it appears that his defense attorney sought to recover fees owed to him for his representation of Plaintiff, acquired a default judgment and lien against Plaintiff and, because of a lack of conservatorship while Plaintiff was confined, he ended up in Bankruptcy Court. Plaintiff further maintains that his agreement with his defense attorney was

---

[55] 12 J.W. MOORE, MOORE'S FEDERAL PRACTICE § 60.21[4][c]; *see In re Intermagnetics Am., Inc.*, 926 F.2d 912, 917 (9th Cir. 1991).

[56] *See, e.g., Hazel-Atlas*, 322 U.S. at 244 (allowing relief for "after-discovered fraud"); *United States v. Sierra Pacific Industries, Inc.*, 862 F.3d 1157, 1167–68 (9th Cir. 2017).

[57] Doc. 8 at 3.

[58] Doc. 9 at 5.

a flat payment up front and that he did not owe anything further.[59] Plaintiff further alleges that in order to receive that default judgment, his defense attorney had to misrepresent facts or fabricate evidence to the Court.[60] Additionally, Plaintiff faults "officers of the court" for allegedly not verifying facts and statements prior to issuing a default judgment against Plaintiff. Plaintiff goes on to fault a federal bankruptcy judge and his bankruptcy attorney for knowing of his defense attorney's fraudulent acts in obtaining a default judgment against him and conspiring with his defense attorney to recover funds from Plaintiff. Plaintiff maintains that the above-mentioned acts by his defense attorney, bankruptcy attorney, judges, courts, and court officers connect all three court's – Anchorage Superior Court, Anchorage District Court, and the United States Bankruptcy Court in Anchorage – and constitute a conspiracy and fraud on the court.

Plaintiff does not specify upon which court the fraud was committed and his Amended Complaint does not provide sufficient facts to suggest how any actor may have acted improperly. While Plaintiff may have perceived that he was wrongfully charged, the resulting dismissal of his case appears to have occurred within the confines of the law. Plaintiff offers no facts to the contrary, nor does he offer sufficient facts to suggest that his confinement, competency evaluation, competency ruling, or default judgment against him were improper, fraudulent, or involved a conspiracy. Instead, Plaintiff appears to disagree with how his cases was handled. The Court cannot identify in Plaintiff's Amended Complaint any illegality constituting fraud.

Simply put, while Plaintiff alleges a conspiracy and fraud upon the court, the Court cannot clearly understand Plaintiff's claims. Plaintiff does not offer sufficient facts for the Court to connect any potential dots between the allegations Plaintiff lists and the harm he alleges occurred as a result. Nor does Plaintiff provide

---

[59] *Id.* at 6.
[60] *Id.*

sufficient facts for the Court to ascertain how any of the potential Defendant's may have acted unlawfully.

### c. Federal Rule of Bankruptcy Procedure 9024

Plaintiff also asserts relief under the Federal Rule of Bankruptcy Procedure 9024. If Plaintiff wishes to appeal his federal bankruptcy judgment, it should first be appealed with the federal bankruptcy court. Plaintiff offers no indication that he did so. If there was an appeal and Plaintiff's Complaint was properly before the Court, the Federal District Court would apply federal rule of bankruptcy procedure 9024 through its analogous federal civil procedure rule 60(b). As analyzed above, it would appear any such claim brought nearly 20 years after the violations alleged would be untimely.

### d. Title 28 U.S.C. § 2679(b)(2)(A)

Plaintiff also asserts that his claims fall under 28 U.S.C. § 2679(b)(2)(A). Section 2679(b)(2)(A) provides that the authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 28 U.S.C. § 1346(b). Section 1346(b) pertains to injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of their office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. However, the remedy does not extend or apply to a civil action against an employee of the Government which is brought for a violation of the Constitution of the United States.

This Court previously screened out Plaintiff's Federal Tort Claims Act ("FTCA") claims for failure to exhaust his administrative remedies and for failure to allege facts suggesting that any Defendants acted in their personal capacity to violate any of Plaintiff's Constitutional rights so as to waive their sovereign immunity and

imply that they did not act within their discretionary functions to create a basis for a FTCA action.[61] Plaintiff's Amended Complaint is similarly deficient.

Plaintiff did submit Exhibit A, a denial of claims letter from the Administrative Office of the United States Courts, dated August 25, 2022, it is unclear how that letter relates to any of the facts in Plaintiff's Amended Complaint which all appear to stem from his 1993 state criminal case. Plaintiff's Exhibit A conclusively states that Plaintiff's administrative tort claim, assuming it is the same one that Plaintiff raises in the present case, is excluded from the coverage of the Federal Tort Claims Act. Plaintiff provides no information as to how this letter relates to his claims presently raised, nor any explanation as to the two-decade difference between his initial state and bankruptcy claims and the letter in Exhibit A dated August 25, 2022. Furthermore, the Amended Complaint, which specifically sues Defendants in their official capacities again fails to demonstrate how Defendants acted in their personal capacity to violate Plaintiff's rights.[62]

All of Plaintiff's allegations appear to grow out of his 1993 State of Alaska prosecution, which then indirectly led to his federal bankruptcy case. As it relates to his 1993 criminal case and his resulting bankruptcy, for Plaintiff to procced on these claims, he would first have to demonstrate that his conviction has been overturned on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus. To accept any of Plaintiff's allegations without the documentation explained above would question the validity of his conviction and sentence. Under such a scenario, this Court would be required to abstain from involving itself in Plaintiff's claim.[63]

//

//

---

[61] 28 U.S.C. § 2680(a); 28 USC § 2679(b)(2); *Senger v. United States,* 103 F.3d 1437, 1444 (9th Cir.1996); *see also Prescott v. United States,* 973 F.2d 696, 702 (9th Cir.1992).
[62] *Id.*
[63] *Heck v. Hunphrey*, 512 U.S. 477 (1994).

# CONCLUSION

As currently pled, Plaintiff fails to meet the pleading requirements under Federal Rule of Civil Procedure 8 to state a claim upon which relief may be granted. Defendants are either improper, not sufficiently clear, or are immune from suit as currently pled. And while Plaintiff attempted to change his cause of action from a suit under § 1983 to a suit under Federal Rule of Civil Procedure 60, Federal Rule of Bankruptcy 9024, and 28 U.S.C. § 2679(b)(2)(A), Plaintiff only lists one definitive cause of action: an intentional tort against all Defendants, which the Court previously screened out. Additionally, Plaintiff either does not meet the pleading or statute of limitation requirements under the listed cause of actions.

Plaintiff was given a chance to amend his first complaint, however, despite the Court's 27-page guidance, Plaintiff's Amended Complaint offers no signs of improvement. Amendment therefore appears futile. Accordingly, the Court recommends Plaintiff's Complaint be **Dismissed with Prejudice**. Without a properly pled Complaint, the Court further recommends that Plaintiff's Motion for Relief from Void Orders and Judgments be denied as moot since he may not seek such relief without a properly pled Complaint.[64]

DATED this 29th day of August, 2023 at Anchorage, Alaska.

> *s/ Kyle F. Reardon*
> KYLE F. REARDON
> United States Magistrate Judge
> District of Alaska

# NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the

---

[64] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

presiding district court judge.[65] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[66]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[67] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[68]

---

[65] 28 U.S.C. § 636(b)(1)(B).
[66] 28 U.S.C. § 636(b)(1)(C).
[67] *Id.*
[68] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).