# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PETER S. CHOW,

    Plaintiff,

v.

UNITED STATES, *et al.*,

    Defendants.

Case No. 3:22-cv-00258-SLG-KFR

## ORDER RE FINAL REPORT AND RECOMMENDATION

At Docket 1 is Plaintiff Chow's *Prisoner's Complaint*. The matter was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 8, Judge Reardon issued a *Screening Order* in which he dismissed the complaint with leave to amend for failing to state a claim upon which relief may be granted. In response, Plaintiff Chow filed an *Amended Complaint* at Docket 9 and a *Motion for Relief from Void Orders and Judgments* at Docket 10. At Docket 11, Judge Reardon issued his *Report and Recommendation to Dismiss*, in which he recommended that the *Amended Complaint* be dismissed with prejudice and that the *Motion for Relief from Void Orders and Judgments* be denied as moot. Plaintiff Chow filed objections to the *Report and Recommendation* at Docket 15 and also filed a *Request to Proceed in Forma Pauperis* at Docket 12.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The magistrate judge recommended that the Court dismiss the *Amended Complaint* with prejudice. On de novo review of the magistrate judge's report and Plaintiff's objections, the Court overall agrees with the magistrate judge's analysis and adopts it nearly in its entirety. The Report and Recommendation is not void, contrary to Mr. Chow's assertion.[4] And the Amended Complaint does not meet Rule 8 pleading standards; moreover, the court actions of which Mr. Chow complains took place approximately 30 years ago and even if proven true, would not constitute a fraud on the involved courts.[5] The Court does not adopt that portion of the report that alluded to a judgment of conviction, as it appears that Mr. Chow's 1993 criminal case was dismissed.[6] Accordingly, except as otherwise

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 15 at 1.

[5] *See* Docket 11 at 11 and cases cited therein.

[6] *See* Docket 11 at 15; Docket 15 at 4.

Case No. 3:22-cv-00258-SLG-KFR, *Chow v. U.S., et al.*
Order re Final Report and Recommendation
Page 2 of 3
Case 3:22-cv-00258-SLG-KFR   Document 18   Filed 10/02/23   Page 2 of 3

specified herein, the Court adopts the *Report and Recommendation* in its entirety, and IT IS ORDERED that the Amended Complaint is DISMISSED with prejudice. All pending motions in this matter are DENIED as moot. The Clerk of Court shall enter a final judgment accordingly.

DATED this 2nd day of October 2023, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00258-SLG-KFR, *Chow v. U.S., et al.*
Order re Final Report and Recommendation
Page 3 of 3
Case 3:22-cv-00258-SLG-KFR   Document 18   Filed 10/02/23   Page 3 of 3